UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| KINLEY MACDONALD, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|    v. | )   No. 2:22-cv-00293-JAW |
| | ) |
| JUDGE MICHAEL DUDDY, et al. | ) |
| | ) |
|    Defendants. | ) |

**ORDER ON PLAINTIFF'S OBJECTION AND RENEWED MOTION FOR APPOINTMENT OF COUNSEL**

On September 21, 2022, Kinley MacDonald, an inmate at the Cumberland County Jail, state of Maine, filed a lawsuit pursuant to 42 U.S.C. § 1983 against Maine District Court Deputy Chief Judge Lea-Anne Sutton, Maine District Court Judge Michael Duddy, York County Superior Court Justice Richard Mulhern, and Judges John Doe 1 and 2; Maine Department of Health and Human Services (DHHS) Commissioner Jeanne Lambrew and four DHHS "worker[s]"; and Maine Attorney General Aaron Frey and three Assistant Attorneys General. *Compl.* (ECF No. 1). That same day, Ms. MacDonald moved this Court to appoint counsel to represent her in her civil action. *Pl.'s Mot. for Appointment of Counsel* (ECF No. 4). On September 23, 2022, the Magistrate Judge denied her motion for appointment of counsel. *Order on Pl.'s Mot. to Appoint Counsel* (ECF No. 8).

On October 24, 2022, Ms. MacDonald filed a second motion for the Court to appoint counsel. *Pl.'s Renewed Mot. for Appointed Counsel* (ECF No. 15). The Magistrate Judge denied this motion on October 25, 2022. *Order Denying Mot. to*

*Appoint Counsel* (ECF No. 17).  On November 2, 2022, Ms. MacDonald filed an objection to the Magistrate Judge's October 25, 2022 Order, again asking the Court to appoint counsel.  *Third Mot. To Appoint Counsel/Mot. to Appeal Denial of Appointed Counsel* (ECF No. 20) (*Pl.'s Mot.*).  Ms. MacDonald made this filing both as a third motion for appointment of counsel and as an objection to the magistrate judge's October 25, 2022 order.  Therefore, although originally docketed only as an objection, the Court sua sponte considers this motion as Ms. MacDonald's renewed, third motion to appoint counsel as well as an objection to the Magistrate Judge's order, and the Court has ordered the Clerk's Office to expand the docketing to treat the November 2, 2022 filing as both an objection and a new motion.

The Court affirms the Magistrate Judge's October 25, 2022 order, overrules Ms. MacDonald's objection, and denies her third motion to appoint counsel.  There is a common misconception that individuals who file civil actions have a right to come to federal court and receive an appointment of a lawyer.  This misconception perhaps flows from a defendant's well-known Sixth Amendment right to counsel in a serious criminal case.  Given that she has now filed three motions for the Court to appoint counsel for her in her civil action, it appears that Ms. MacDonald is under the misimpression that she must be entitled to a court-appointed lawyer.  She is not.  There is no corresponding right to counsel in a civil action to the right of counsel in a criminal action.  *DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991) ("There is no absolute constitutional right to a free lawyer in a civil case").  Ms. MacDonald has not

demonstrated the "exceptional circumstances" that would justify the court requesting a private practicing attorney to represent her. *Id.*

There is a federal statute, 28 U.S.C. § 1915(e)(1), that allows a court to request a civil litigator to represent a civil plaintiff like Ms. MacDonald. But the court is not authorized to appoint a lawyer, only to request that an attorney agree to the representation. Furthermore, Congress appropriated no funds to pay the civil lawyer. *Ruffin v. Bran*, 09-cv-87-B-W, 2010 WL 500827, at *1 (D. Me. Feb. 8, 2010); *Clarke v. Blais*, 473 F. Supp. 2d 124, 125 (D. Me. 2007). Thus, the Court would have to ask a lawyer to represent Ms. MacDonald for free, something the Court has determined is not justified by the allegations in her case, and something that Ms. MacDonald could do just as well as the Court.

In short, the Magistrate Judge correctly denied Ms. MacDonald's motion for the Court to appoint a lawyer because she has not demonstrated that she is entitled to one and to the extent she has filed a third motion for appointment of counsel, the Court reaches the same conclusion as the magistrate judge in response to her second motion. Ms. MacDonald is of course free to seek counsel on her own to represent her in this matter.

The Court hereby AFFIRMS the Magistrate Judge's Order Denying Motion to Appoint Counsel (ECF No. 17), OVERRULES Kinley MacDonald's Motion to Appeal Denial of Appointed Counsel (ECF No. 20), and DENIES her Third Motion to Appoint Counsel (ECF No. 20).

SO ORDERED.

                                                                            <u>/s/ John A. Woodcock, Jr.</u>
                                                                            JOHN A. WOODCOCK, JR.
                                                                            UNITED STATES DISTRICT JUDGE

Dated this 4th day of November, 2022.