UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| KINLEY MACDONALD, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:22-cv-00293-JAW |
| | ) | |
| JUDGE MICHAEL DUDDY, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION TO DISMISS PLAINTIFF'S COMPLAINT**

Plaintiff, who is in custody at the York County Jail, has filed this action seeking relief from various injustices she alleges occurred or are occurring in state court child protective proceedings. (Complaint, ECF No. 1.) Plaintiff has joined various judges, the state attorney general, an assistant attorney general, and the commissioner of Maine's Department of Health and Human Services as defendants.

Plaintiff's complaint is subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because she is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). After a review pursuant to 28 U.S.C. § 1915A, I recommend the Court dismiss Plaintiff's complaint.

**DISCUSSION**

The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from

such relief." 28 U.S.C. § 1915A(b).  When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom.  *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011).  Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard," *Young v. Wells Fargo, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013).  *See also Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal standard applied to the pleadings of pro se plaintiffs "is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim").

Plaintiff asks the Court to review the state court proceedings, find that the state court violated her rights and the rights of her children, enjoin Defendants from taking any further action other than to return her children to her custody, and remand the matter to another court for further "litigation through a fundamentally fair process."  (Complaint at 46–47.)

The Court does not have jurisdiction to review the final judgments and decisions of state courts.  *See Lance v. Dennis,* 546 U.S. 459, 460 (2006) (per curiam) ("The *Rooker–Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284, (2005)); *Silva v. Massachusetts,* 351 Fed. App'x 450, 454 (1st Cir. 2009) ("28 U.S.C. § 1257 vests the United States Supreme Court with exclusive

2

'jurisdiction over appeals from final state-court judgments.'" (quoting *Lance,* 546 U.S. at 463)). To the extent Plaintiff asks the Court to review certain state court proceedings and to overrule or modify a final decision of the state court, the Court lacks jurisdiction to consider Plaintiff's claim.

To the extent Plaintiff challenges ongoing state court proceedings as opposed to final decisions, the doctrine of abstention bars the claims. Under *Younger v. Harris*, 401 U.S. 37 (1971), federal courts ordinarily abstain from the exercise of jurisdiction when a petitioner seeks relief in federal court from ongoing state criminal proceedings, as long as there is an adequate opportunity to raise federal constitutional challenges in state court. *See also, Bettencourt v. Bd. of Registration in Med. of Commonwealth of Mass.*, 904 F.2d 772, 777 (1st Cir. 1990). Because Plaintiff has not alleged any facts that would plausibly support a finding that she lacks an adequate opportunity to assert federal constitutional claims in state court, abstention is appropriate.

In addition, Plaintiff's claim against the state court judges is barred by the doctrine of judicial immunity. "Judges have absolute immunity … because of the special nature of their responsibilities." *Butz v. Economou*, 438 U.S. 478, 511 (1978). The "absolute" nature of judicial immunity is reflected in the Supreme Court's explanation that judicial immunity is "not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Even "grave procedural errors" are not enough to support a claim against a judge. *Stump v. Sparkman,* 435 U.S. 349, 359, (1978)). Whether judicial immunity exists is determined by the nature of the act complained of, rather than the simple

3

fact that the defendant is a judge. *Forrester v. White*, 484 U.S. 219, 227 (1988) (observing that "immunity is justified and defined by the *functions* it protects and serves, not by the person to whom it attaches"). Relevant to this case is the principle that judicial immunity serves, primarily, "as a device for discouraging collateral attacks and thereby helping to establish appellate procedures as the standard system for correcting judicial error." *Id.* at 225. Additionally, judicial immunity serves to "protect[] judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants." *Id.* Where a litigant seeks to hold a judge liable based on the judge's prior rulings and determinations, therefore, judicial immunity will bar the claim.

Finally, Plaintiff has not complied with various court orders regarding the filing fee.[1] "A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte for any of the reasons prescribed in Fed. R. Civ. P. 41(b)." *Cintron-Lorenzo v. Dep't de Asumtos del Consumidor*, 312 F.3d 522, 526 (1st Cir. 2002) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 – 31 (1962)). Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action for a party's failure to prosecute and failure to comply with the Court's orders. Here, Plaintiff has failed to comply with the Court's orders regarding the filing fee. Dismissal, therefore, is appropriate.

## CONCLUSION

Based on the foregoing analysis, after a review in accordance with 28 U.S.C. § 1915A, I recommend the Court dismiss the complaint.[2]

---

[1] The Court explained in detail Plaintiff's history of non-compliance in a recent order. (Order, ECF No. 47.)
[2] Plaintiff has moved to amend her complaint. (Motion, ECF No. 45.) Plaintiff's motion, however, fails to allege any facts that would support a claim against the named defendants. Accordingly, I recommend the

4

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 30th day of August, 2023.

---

Court deny the motion as futile. *See Boston & Me. Corp. v. Hampton,* 987 F.2d 855, 868 (1st Cir. 1993) ("if the proposed amendment would be futile because, as thus amended, the complaint still fails to state a claim, the district court acts within its discretion in denying the motion to amend").